16485

JOLLY v. SOUTH CAROLINA INDUSTRIAL SCHOOL
FOR BOYS *ET AL.*

(64 S. E. (2d) 252)

156

*Messrs. John M. Daniel, Attorney General,* and *R. Hoke Robinson* and *Daniel R. McLeod, Assistant Attorneys General,* of Columbia, *for Appellants,*

*Messrs. Thames & Arrowsmith* and *Mitchell D. Palles,* of Florence, *for Respondent,*

March 28, 1951.

TAYLOR, Justice.

The respondent, Malcolm T. Jolly, an employee of the South Carolina Industrial School for Boys, on or about October 4, 1948, while engaged in painting the entrance hall and apartment occupied by him and his family, said apartment

being furnished rent-free by his employer, received an injury to his knee for which he filed a claim with the South Carolina Industrial Commission for compensation under the Workmen's Compensation Act, Code 1942, § 7035-1 *et seq.* The hearing Commissioner awarded claimant temporary total disability, sixty per cent specific loss of the use of the left leg and serious bodily disfigurement. This award was affirmed by a majority of the Commission upon appellants' application for a review. Upon appeal to the Court of Common Pleas for Florence County, the award was affirmed by the Honorable G. Badger Baker in an order dated July 3, 1950, and it is from this order that appellants now appeal to this Court upon exceptions which, in our opinion, pose the single question of whether or not the injury sustained by respondent arose out of and in the course of his employment.

The claimant at the time of his injury was regularly employed by the South Carolina Industrial School for Boys at Florence, South Carolina, on a salary of $1,799.00 per year, plus the rent-free use of an apartment on the grounds, as foreman of the hogs and general utility man. Repairs had previously been made on the apartment in the way of carpentry work which had not been painted. Claimant, desirous of having the painting done, inquired of the Superintendent if this could not be done and was told that the maintenance crew was busy on other work and was not available at the time, but that, if he wished the painting done, it would be necessary that he do it himself "in his spare time away from his regular duties." Upon further questioning, the superintendent stated, "Well, I didn't say on his own time, I just said he would have to do it when he was not being used on his regular job." The superintendent further testified that claimant "usually was on duty from about five-thirty in the morning until six in the evening. That was more or less his normal working hours, but sometimes he would get a day off and then sometimes he would have to be up at night, of course, to pull calves from cows or pigs from the hogs or

when and if something went wrong. * * * As utility man, he was always available, to be available."

As utility man he was expected to do whatever work was necessary in connection with maintaining the buildings and grounds, such as carpentry, fencing, etc. Pursuant to claimant's request, he was furnished with the paint and brushes with which to paint the apartment he lived in and the hall, which was used jointly by claimant and the occupant of the apartment on the opposite side of the hall.

It is apparent that claimant as hog foreman and general utility man had no fixed hours of work, and, when his attention was not required with the stock, was available for general utility work. The painting of the apartment and the entrance hall was certainly of some satisfaction to claimant, but at the same time it cannot be denied that it was of benefit to the employer as well. At the time of his injury, claimant was engaged in the painting of the apartment and hallway with the knowledge and acquiescence of his employer, who not only had furnished the paint and brushes with which the work was to be done, but had assigned two young men of the institution to assist in the work, all of which would have been improper, indeed illegal, had appellant not been the recipient of the benefits thereof.

We are of the opinion that there is sufficient evidence to support the findings of fact by the Industrial Commission that claimant's injuries arose out of and in the course of his employment and that under the authority of *Pelfrey v. Oconee County,* 207 S. C. 433, 36 S. E. (2d) 297, all exceptions should be overruled and the order appealed from affirmed, and It Is So Ordered.

FISHBURNE, STUKES, and OXNER, JJ., and L. D. LIDE, A. A. J., concur.